## ELEGANZE AUTO PAINT & BODYWORKS, INC., a California Corporation, Plaintiff–Appellant,

v.

## MAACO ENTERPRISES, a Pennsylvania Corporation; Richard Mina, an individual Defendants–Appellees.

No. 00–55404.

D.C. No. CV–97–828–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 1, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Here.

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI, Judge.*

---

\* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

## MEMORANDUM **

Plaintiff–Appellant Eleganze Auto Paint and Bodyworks, Inc. ("Eleganze") appeals from an order granting default judgment pursuant to Fed.R.Civ.P. 55(b), in favor of Defendant–Appellee Maaco Enterprises ("Maaco"). The default judgment was entered on a claim to enforce a settlement agreement between Eleganze and Maaco. Eleganze appeals from the judgment on the following grounds: (1) no responsive pleading was required to Maaco's claim to enforce the settlement agreement; and if it were required, Eleganze displayed excusable neglect; and (2) the judgment is void because an incomplete settlement agreement is unenforceable. We affirm.

The court's decision to enter a default judgment was not an abuse of discretion. The record supports the following findings: (1) the district court had specifically instructed both parties to file pleadings before a status conference; (2) Maaco designated its pleading as a "Claim to Enforce Settlement Agreement" in compliance with the district judge's instruction; (3) Eleganze actually received Maaco's pleading before the conference; (4) Eleganze failed to respond until a month after the conference; (5) there was no excusable neglect, confusion or mistake given Eleganze's history; (6) there was lack of any explanation for delay; and (7) there was warning at the status conference about default.

Appellant also argues that the judgment should be voided because the settlement agreement was incomplete, and therefore unenforceable. The district court, however, did not evaluate the merits of the underlying claim for enforcement. Rath-

---

er, the agreement was ordered executed as a result of Appellant's failure to make responsive pleadings for an evidentiary hearing to determine the very issue of enforceability of the agreement. Thus, whether the district court had power to order the agreement executed is immaterial to the propriety of the entry of default judgment.

Lastly, we find that as Appellant has not argued that the court abused its discretion in failing to grant relief from late filing, the issue is waived. Accordingly, we AFFIRM the default judgment.